

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2005

# Marke v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3031

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Marke v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1024.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1024

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

NO. 04-3031

————

NURI MARKE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

————

On Petition for Review of a Final Order
of the Board of Immigration Appeals
(A73-569-674)

————

Submitted Under Third Circuit LAR 34.1(a)
June 7, 2005

Before: AMBRO, STAPLETON, and ALARCÓN[1], Circuit Judges

(Filed: June 13, 2005 )

————

OPINION

————

[1] The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals
for the Ninth Circuit, sitting by designation.

ALARCÓN, Circuit Judge

Nuri Marke, a native and citizen of Macedonia, formerly Yugoslavia, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen. He maintains that the BIA abused its discretion in rejecting his contentions that he was denied the effective assistance of counsel and that country conditions had changed since the Immigration Judge ("IJ") denied his application for asylum. We deny the petition for review because we conclude that his ineffective assistance of counsel claim was not timely filed. We also hold that he has failed to demonstrate that changed country conditions support his claim that he has a well-founded fear of persecution if he is not granted asylum in the United States.

I

Mr. Marke entered the United States as a non-immigrant visitor in November 1988 with authorization to remain for six months. A notice to appear ("NTA") was issued on August 25, 1997. It alleged that Mr. Marke was removable because he remained in the United States longer than permitted by his visa.

At his removal proceedings, Mr. Marke conceded the allegations in the NTA and applied for asylum and withholding of removal. On May 29, 1998, the IJ found Mr. Marke removable and denied his application for asylum and withholding of removal. Mr. Marke's request for voluntary departure was granted. The IJ ordered Mr. Marke to depart

2

voluntarily by July 18, 1998, and if he did not, that he be removed to Macedonia.

Mr. Marke filed an appeal with the BIA on June 29, 1998. The BIA affirmed the IJ's removal order without opinion on July 10, 2002. The BIA also granted him thirty days to depart voluntarily. The BIA's decision was served on Robert J. Shannon, Mr. Marke's attorney of record.

On May 20, 2004, Mr. Marke, represented by his present counsel, filed a motion to reopen his removal proceedings. He alleged that Mr. Shannon's representation was ineffective because he failed to advise him that his appeal had been affirmed by the BIA and that he had thirty days to depart voluntarily. He alleged that he did not depart within the thirty-day period because he did not learn of the BIA's order until several months later. He further asserted that because of his former counsel's ineffectiveness, he is barred for ten years from receiving certain forms of relief, including adjustment of status.

## II

Mr. Marke contends that the BIA erred in denying his motion to reopen for failure to show prejudice from his former counsel's negligence. The BIA also concluded, however, that the claim of ineffectiveness of counsel was untimely under the ninety-day time limit set forth in 8 C.F.R. § 1003.2(c)(2).[1]

---

[1] 8 C.F.R. § 1003.2(c)(2) provides:
Except as provided in paragraph (c)(3) of this section, a party may file only one motion to reopen deportation or exclusion proceedings (whether before the

3

"[W]hen the Board or an Immigration Judge denies reopening on prima facie case grounds, the ultimate decision should be reviewed for an abuse of discretion, while findings of fact should be reviewed for substantial evidence." *Sevoian v. Ashcroft,* 290 F.3d 166, 174 (3d Cir. 2002). Thus, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "Discretionary decisions of the BIA will not be disturbed unless they are found to be 'arbitrary, irrational, or contrary to law.'" *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994) (quoting *So Chun Chung v. INS*, 602 F.2d 608, 612 (3d Cir. 1979)).

The BIA's initial decision was issued on July 10, 2002. Mr. Marke did not file his motion to reopen until May 20, 2004.

Mr. Marke's opening brief does not address the BIA's alternative holding that his motion to reopen was untimely, nor does he argue that the time for filing his motion to reopen was tolled because of his former attorney's alleged failure to inform him of the BIA's decision. "An issue is waived unless a party raises it in its opening brief, and for

Board or the Immigration Judge) and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later. Except as provided in paragraph (c)(3) of this section, an alien may file only one motion to reopen removal proceedings (whether before the Board or the Immigration Judge) and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened.

those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court." *Laborers' Int'l Union v. Foster Wheeler Corp.,* 26 F.3d 375, 398 (3d Cir. 1994) (citation and quotation omitted). Thus, Mr. Marke has waived any challenge in this appeal to the correctness of the BIA's determination that the motion to reopen based on ineffectiveness was untimely. Accordingly, we do not consider the merits of the BIA's alternative holding that he was not prejudiced by his attorney's alleged neglect.

Mr. Marke's motion to reopen is also based upon changed country conditions. That claim is not barred by the time limitations set forth on 8 C.F.R. 1003.2(c) pursuant to 8 C.F.R. 1003.2(c)(3).[2] Mr. Marke submitted evidence to the BIA that between January and

---

[2] 8 C.F.R. § 1003.2(c)(3) provides:

In removal proceedings pursuant to section 240 of the Act, the time limitation set forth in paragraph (c)(2) of this section shall not apply to a motion to reopen filed pursuant to the provisions of § 1003.23(b)(4)(ii). The time and numerical limitations set forth in paragraph (c)(2) of this section shall not apply to a motion to reopen proceedings:
(i) Filed pursuant to the provisions of § 1003.23(b)(4)(iii)(A)(1) or § 1003.23(b)(4)(iii)(A)(2);
(ii) To apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing;
(iii) Agreed upon by all parties and jointly filed. Notwithstanding such agreement, the parties may contest the issues in a reopened proceeding; or
(iv) Filed by the Service in exclusion or deportation proceedings when the basis of the motion is fraud in the original proceeding or a crime that would support termination of asylum in accordance with § 1208.22(f) of this chapter.
(continued...)

5

July of 2001, violence had occurred in Macedonia as a result of conflict between Albanian separatists and the Macedonian government. He submitted six additional documents showing that (1) Macedonian police had conducted torture between January 2000 and October 2002, (2) the police had treated ethnic minorities badly, (3) twenty-seven Albanians in transit were beaten or treated badly by the police, (4) tensions in Macedonia continued in April 2004 when the Albanian flag was flown in Macedonia, (5) government troops had committed grave abuses in an Albanian village in August 2001, and (6) police abuse of Albanians continued the day that a framework peace agreement was signed between the government and ethnic Albanians.

The BIA held that Mr. Marke had not met his burden of explaining "how those changes affect his claim for asylum." Before this court, Mr. Marke contends that he should not be "required to lead the agency like a small child, quote from each exhibit and state with yet more 'detail or specificity' how the changed country conditions in Macedonia affect his asylum claim . . . ." He has failed to explain in his petition for review how the alleged changed country conditions affect his claim.

The BIA was correct to place the burden of proof of changed country conditions on Mr. Marke because Mr. Marke never established past persecution. *See, e.g.,*

_____

[2](...continued)

6

*Ahmadshah v. Ashcroft*, 396 F.3d 917, 920 (8th Cir. 2004) (noting that unless the petitioner has established past persecution, he or she has the burden of proving changed country conditions); *Simtion v. Ashcroft*, 393 F.3d 733, 737 (7th Cir. 2005) (dismissing petitioner's motion to reopen based on changed country conditions because petitioner failed to explain how a ruler's return to power created conditions different from those that prevailed when the petitioner originally sought asylum); *cf Berishaj v. Ashcroft,* 378 F.3d 314, 326-27 (3d Cir. 2004) (holding that because petitioner had established past persecution, the burden of proof regarding changed country conditions was placed on the Government). The BIA did not abuse its discretion by holding that Mr. Marke had failed to meet his burden of showing how changed country conditions would affect his claim for asylum.

For the foregoing reasons, we will affirm the BIA's denial of the motion to reconsider.

_____